John H. Dewell, J.
The relator was sentenced April 25, 1956 to be imprisoned at Elmira Reformatory for an indefinite term of five years. He was. received at the reformatory and detained there until paroled on December 18, 1957. On September 6, 1958, he was arrested in Nassau County and charged with burglary and petit larceny. On September 9, 1958 he was declared delinquent by the Parole Board which lodged a parole warrant against the relator requiring that he be returned to *540 Elmira Reformatory or other suitable institution to serve out either the remainder of his original sentence or such portion thereof as the Parole Board in its discretion required. He was held in Nassau County Jail pending disposition of the burglary and petit larceny charge and found guilty thereof by a jury on August 5, 1959, and was sentenced to a term of 5 to 10 years, the execution of which was suspended. On August 13, 1959 relator was returned to Elmira Reformatory. He now contends that he should be given credit on his original sentence for the period of time he was held in Nassau County Jail pending disposition there of the charges against him.
Subdivision 3 of section 2193 of the Penal Law of the State of New York provides: “ Whenever any perspn while on parole from a state prison or from a reformatory shall be charged with a new crime and there shall have been a parole violation warrant lodged against him prohibiting his admission to bail pending disposition of the charge, and where the charge against him shall ultimately be dismissed or he is acquitted thereof, the time heretofore or hereafter spent by such person who is held by reason of being charged with a new crime in a state institution for defective delinquents or insane criminals, prison, jail or other place of detention shall be calculated as a part of the term of his original sentence. It shall be the duty of the officer in whose custody the person remained pending the determination of the charge to certify to the warden of the prison from which he was paroled or to the superintendent of the reformatory, the length of time spent by him in such custody.”
If the new charge in Nassau County had been dismissed or the relator had been acquitted, credit for the time so spent in jail would be given on his original sentence. This provision, however, does not pertain to the relator’s situation. The new charge against him was neither dismissed nor was he acquitted. He was found guilty and sentence was imposed. Responsibility for violation of the conditions of parole rests with the violator, who must suffer the consequences thereof.
The Attorney-General is requested to submit an order in conformity with this opinion.